RENDERED: MARCH 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

### NO. 2023-CA-0628-ME

NATHAN FORD                                                                    APPELLANT

v.

APPEAL FROM CAMPBELL CIRCUIT COURT
HONORABLE ABIGAIL E. VOELKER, JUDGE
ACTION NO. 22-D-00244-002

ELIZABETH NICOLE WILSEY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND GOODWINE, JUDGES.

THOMPSON, CHIEF JUDGE: Nathan Ford ("Appellant"), *pro se*, appeals from a Domestic Violence Order ("DVO") entered by the Campbell Circuit Court restraining him from contact with Elizabeth Nicole Wilsey ("Appellee") and their two minor children. He argues that the circuit court improperly concluded that the record was sufficient to support a finding of domestic violence. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On April 27, 2023, the Campbell Circuit Court conducted a hearing on Appellee's petition seeking a DVO restraining Appellant from contacting her or their two minor children. In support of the petition, she alleged that Appellant sent her an excessive number of texts and other electronic messages with thinly veiled threats of harm. Appellee also testified that Appellant called her multiple times with additional veiled threats. She alleged that Appellant is mentally unstable and carried a gun while using illegal drugs. Appellee stated that Appellant messaged threats of coming to the home of Appellee and the children, and that she was afraid of him. Evidence was adduced that Appellant was also the subject of a prior DVO, which the circuit court found that he violated multiple times.

After taking proof and upon considering the record, on April 27, 2023, the Campbell Circuit Court entered a DVO restraining Appellant from contacting Appellee or the children, and directing Appellant to stay at least 500 feet away from Appellee's home and the children's school. The circuit court cited Kentucky Revised Statutes ("KRS") 403.720 and *Sherfey v. Sherfey*, 74 S.W.3d 777, 782 (Ky. App. 2002), *overruled on other grounds by Benet v. Commonwealth*, 253 S.W.3d 528 (Ky. 2008), in concluding that the court was vested with discretion in judging the weight of the evidence and credibility of the witnesses. The court determined that Appellee's allegations were proven by a preponderance of the

evidence and that acts or threats of domestic violence had occurred and were likely to occur again.

On May 2, 2023, Appellant, *pro se*, moved to amend the DVO. In support thereof, Appellant argued that the record did not contain facts sufficient to support the DVO. After review, the Campbell Circuit Court entered an order denying the motion on May 11, 2023. This appeal followed.

## STANDARD OF REVIEW

On review of a domestic violence order, the question is not whether we would have decided the matter differently, but rather deciding if the circuit court's findings of fact were clearly erroneous and if the decision constituted an abuse of discretion. *Gibson v. Campbell-Marletta*, 503 S.W.3d 186, 190 (Ky. App. 2016). An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ARGUMENT AND ANALYSIS

Appellant argues that the Campbell Circuit Court committed reversible error in granting Appellee's petition for a DVO. Appellant's sole argument is that the record does not support a finding that domestic violence or abuse had occurred and was likely to occur again. He asserts that Judge Voelker based her ruling solely on social media posted by Appellant criticizing Judge

Voelker. He also argues that his contact with Appellee only resulted from him trying to contact his children; that the record contains no evidence of domestic violence nor threats of violence; and, that the finding that Appellee was more likely than not to be a victim of domestic violence constituted an abuse of discretion. He requests an order reversing the DVO.

> A court may grant a DVO, following a full hearing, "if it finds from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur[.]" KRS 403.7[4]0(1). "'Domestic violence and abuse' means physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between . . . members of an unmarried couple[.]" KRS 403.720(1). To satisfy the preponderance standard, the evidence believed by the fact-finder must show that the victim "was more likely than not to have been a victim of domestic violence."

*Hohman v. Dery*, 371 S.W.3d 780, 782 (Ky. App. 2012) (citation omitted).

After closely examining the record and the law, we believe the circuit court's findings were supported by credible evidence of record. Appellee alleged, and the circuit court so found, that Appellant had subjected Appellee to an onslaught of texts, messages, and phone calls that contained veiled threats of harm. Appellee also said that Appellant messaged threats of coming to her home, and the court found that Appellee's testimony was "more than sufficient to give rise to a threat of imminent harm."

The circuit court is best situated to judge the weight of the evidence and credibility of the witnesses. *Sherfey*, *supra*. Though Appellant maintains that he never harmed Appellee and would never do so, a finding of domestic violence may be based solely on the infliction of fear of imminent physical injury. KRS 403.720(2)(a). Appellee stated that Appellant's texts, messages, and phone calls were threatening, and that she was afraid of Appellant. Her testimony constitutes credible evidence in support of the circuit court's findings. As such, those findings are not clearly erroneous. *Gibson*, *supra*. Further, the circuit court's ruling was not arbitrary, unreasonable, unfair, nor unsupported by sound legal principles, and therefore did not constitute an abuse of discretion. *English*, *supra*.

## CONCLUSION

For these reasons, we affirm the April 27, 2023 DVO of the Campbell Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

Nathan L. Ford, *pro se*
Cincinnati, Ohio

-5-